UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PRESTIGE CAPITAL CORPORATION,                    Case No.

                          Plaintiff,

              -against-                           **COMPLAINT**

T SMALLWOOD CORP. d/b/a                           **JURY TRIAL DEMANDED**
Prestige Capital Funding Group and
ALBERT SMALLWOOD,

                          Defendant.
------------------------------------------------------------------X

        Plaintiff PRESTIGE CAPITAL CORPORATION ("PCC" or "Plaintiff"),  by its

attorneys, SOLOMON & TANENBAUM, P.C., complaining of defendants T SMALLWOOD

CORP. d/b/a/ Prestige Capital Funding Group ("Smallwood Prestige Capital") and ALBERT

SMALLWOOD ("Mr. Smallwood") (collectively "Defendants"), alleges:


                          **PRELIMINARY STATEMENT**

        1.      This is an action (I) for infringement  of PCC's federally registered

trademark PRESTIGE CAPITAL under Section 32(1) of the Lanham Act, 15 U.S.C.  §1114(1),

(ii) for unfair competition and false designation of origin under Section 43(a) of the Lanham Act,

15 U.S.C.§1125(a), and (iii) under the related claims based on the statutory and common laws of

the State of New York, all arising from the Defendants' unauthorized  use of Plaintiff's mark

PRESTIGE CAPITAL in connection with offering financial services to commercial third parties,

the exact or similar types of services, among others, that PCC offers to commercial third parties.

Further, on various occasions when commercial third parties have been contacted by Smallwood

Prestige Capital and asked about its business, Defendants have improperly referred the

commercial third parties to the website of Plaintiff in an attempt to pass off Smallwood Prestige

Capital as PCC.

      2.    Plaintiff seeks injunctive relief and monetary damages from Defendants.

### BASIS OF JURISDICTION AND VENUE

      3.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121,

28 U.S.C. §§ 1331, 1332 and 1338, and pursuant to the principles of supplemental jurisdiction

under 28 U.S.C. § 1367.

      4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) in that

Smallwood Prestige Capital has its principal offices in this district and Mr. Smallwood resides in

this district and Defendants are subject to personal jurisdiction in this district with respect to this

action.

### PARTIES

      5.    At all times hereinafter mentioned, Plaintiff was and still is a corporation

duly organized and existing under the laws of the State of New Jersey, with its principal place of

business at 400 Kelby Street, 14th Floor, Fort Lee, NJ 07024.

      6.    At all times hereinafter mentioned and for approximately the last thirty-

one (31) years, Prestige Capital was and still is engaged in the business of providing various

financial services to commercial third parties, including, but not limited to, providing account

receivable financing.

7.     Upon information and belief, at all times hereinafter mention, Smallwood Prestige Capital Corp. was and still is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 2343 Hylan Boulevard, Staten Island, NY 10306.

8.     Upon information and belief, at all times hereinafter mention and since in or about 2014, Smallwood Prestige Capital was and still is engaged in the business of providing various financial services to commercial third parties, including, but not limited to, providing account receivable financing.

9.     Upon information and belief, at all times hereinafter mention, Mr. Smallwood was and still is a resident of the State of New York, with his principal residence at 185 Park Hill Avenue, Apartment 1F, Staten Island, NY 10304.

10.     Upon information and belief, at all times hereinafter mention, Mr. Smallwood was and still is the sole shareholder, officer and director of Smallwood Prestige Capital.

## FACTS

**PCC and its PRESTIGE CAPITAL Service Mark**

11.     PCC was founded in 1986, and since then, and continuing through the present, Plaintiff has been continually involved in providing financial services to commercial third parties, including providing account receivable financing.

12.     During its time in business, PCC has developed a strong and respected

reputation in the commercial finance industry and among commercial third parties to whom Plaintiff provides, and has offered to provide, financial services, including account receivable financing.

13.     Since its founding, PCC has become known for its integrity in the commercial finance industry and its service among commercial third parties to whom Plaintiff provides, and has offered to provide, financial services, including account receivable financing.

14.     PCC is the owner of a valid and subsisting service mark PRESTIGE CAPITAL that is registered with the United States Patent and Trademark Office, Trademark Registration No. 4,131,228, which was registered on or about April 24, 2012.

15.     PCC has used the PRESTIGE CAPITAL Service Mark in commerce in the State of New York and in interstate commerce continuously, and upon information and belief, has been the sole and exclusive user of the PRESTIGE CAPITAL Service mark, since at least April 15, 1986, in connection with providing various financial services to commercial third parties, including account receivable financing.

16.     As a result of its widespread, continuous and exclusive use of the PRESTIGE CAPITAL Service Mark to identify its financial services to commercial third parties and PCC as the source of these financial services, Plaintiff owns valid and subsisting federal statutory and common law rights to the PRESTIGE CAPITAL Service Mark.

17.     Plaintiff's PRESTIGE CAPITAL Service Mark is distinctive to both commercial third parties who seek out the financial services of Plaintiff and the commercial finance industry.

18.     PCC has expended substantial time, money and resources developing,

marketing, advertising and promoting its financial services, which are sold under the
PRESTIGE CAPITAL Service Mark.

19.    The financial services offered by PCC under its PRESTIGE CAPITAL
Service Mark are of the highest quality, and as a result of Plaintiff's expenditures and
efforts, financial services associated with the PRESTIGE CAPITAL Service Mark have acquired
incalculable reputation and goodwill belonging exclusively to Plaintiff.

**Defendants' Unlawful Activities**

20.    Upon information and belief, Smallwood Prestige Capital Defendant
has represented that it is engaged in the same business as PCC.

21.    Without PCC's authorization, and upon information and belief,
beginning after Plaintiff acquired protectable exclusive rights in its PRESTIGE CAPITAL
Service Mark, Defendants used, and continue to use, Prestige Capital (the "Infringing Mark") in
commerce in the United States.

22.    The Infringing Mark adopted and used by Defendants is identical in
pertinent part and confusingly similar to Plaintiff's PRESTIGE CAPITAL Service Mark.

23.    Upon information and belief, Defendants have been engaged in
marketing, advertising and offering financial services using the Infringing Mark in commerce in
the United States, in part through telephone solicitation to commercial third parties.

24.    Upon information and belief, during telephone calls with commercial third
parties when soliciting business with respect to the financial services offered by Smallwood
Prestige Capital, Defendants have engaged in an intentionally deceptive and patently confusing

practice of describing Smallwood Prestige Capital as being PRESTIGE CAPITAL and referring

to Smallwood Prestige Capital as PRESTIGE CAPITAL in an attempt to pass off its financial

services as being offered by Plaintiff, which has caused instances of actual confusion to

commercial third parties.  Further, upon information and belief, during these telephone calls, if

commercial third parties inquire about the nature of the business of Smallwood Prestige Capital,

Defendants refer the commercial third parties to Plaintiff and its website, which has further caused

instances of actual confusion to commercial third parties.

   25. Upon information and belief, the financial services being offered by

Defendants to commercial third parties are similar to the financial services being offered by PCC

to commercial third parties under its PRESTIGE CAPITAL Service Mark.

   26. Defendants' misappropriation and improper use of Plaintiff's PRESTIGE

CAPITAL Service Mark have already deceived, confused, and misled, and are likely to deceive,

confuse and mislead, current and prospective commercial third parties into believing that the

financial services provided by Small Prestige Capital are provided by, authorized by, or in some

way associated with Plaintiff.  The actual confusion, mistake, and deception, as well as the

likelihood of confusion, mistake, and deception, engendered by Defendants' misappropriation and

improper use of the PRESTIGE CAPITAL Service Mark has caused and is causing irreparable

harm to the goodwill symbolized by Plaintiff's PRESTIGE CAPITAL Service Mark.

   27. Upon information and belief, Defendants are and will continue to

misappropriate and use Plaintiff's registered PRESTIGE CAPITAL Service Mark in connection

with the offering financial services that are directly competitive with the financial services offered

by PCC.

28. Upon information and belief, Defendants have knowingly, willfully, intentionally, and maliciously appropriated and used Plaintiff's PRESTIGE CAPITAL Service Mark.

29. Under cover of letter date July 5, 2016, counsel for Plaintiff contacted Smallwood Prestige Capital and demanded that:

> "[Smallwood Prestige Capital] immediately cease and desist from (a) using the term PRESTIGE CAPITAL, and any variations of PRESTIGE CAPITAL, in the provision of commercial lending and capital resources, including accounts receivable, as well as any related products, and (b) holding itself out to be either PCC or in any way affiliated with PCC. Further, unless T. Smallwood Corp. enters into a consent decree that sets forth that your company will cease and desist, now and in the future, (a) from using the trademark of PCC and (b) holding itself out to be either PCC or affiliated with PCC, then we will commence litigation against, among others, T. Smallwood Corp., wherein PCC will seek not only injunctive relief but monetary damages.
>
> If T. Smallwood Corp. wishes to amicably resolve the claims of PCC, then either your attorney or an authorized representative of your company should contact me by no later than the close of business on July 11, 2016. Otherwise, PCC will assume that T. Smallwood Corp. has no interest in amicably resolving the claims outlined in this letter and PCC will proceed accordingly against your company."

30. Defendants' intentional and bad faith conduct is evident from the fact that, when notified of the infringing nature of their acts, Smallwood Prestige Capital failed to contact counsel for Plaintiff and upon information and belief, have continued their infringing activities.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "30," inclusive as if fully set forth herein.

32.     Defendants' infringing acts as alleged herein have caused incidents of actual confusion, mistake, and deception, and are likely to cause confusion, mistake, and deception, as to the source or origin of the financial services being offered by Smallwood Prestige Capital to commercial third parties, and have and are likely to deceive the relevant consuming public into mistakenly believing that the financial services of Smallwood Prestige Capital originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

33.     Defendants' unauthorized use in commerce of the Infringing Mark as described herein has caused and is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the PRESTIGE CAPITAL Service Mark and with the wilful intent to cause confusion and trade on the goodwill and reputation of PCC.

35.     Upon information and belief, Defendants' acts are wilful with the deliberate intent to trade on the goodwill and reputation of Plaintiff's PRESTIGE CAPITAL Service Mark, cause confusion and deception in the marketplace and divert potential commercial financing transactions from PCC to the Smallwood Prestige Capital.

36.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

37.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin)

38.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37," inclusive as if fully set forth herein.

39.     Defendants' unauthorized acts as alleged herein have caused and are likely to cause deception as to the source or origin of the financial services offered by Smallwood Prestige Capital to commercial third parties.

40.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

41.     Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the financial services offered by Smallwood Prestige Capital to commercial third parties.

42.     Upon information and belief, Defendants' acts are wilful with the deliberate intent to cause deception in the marketplace and divert potential financing transactions from PCC to Smallwood Prestige Capital.

43.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

45.     Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

46.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "45," inclusive as if fully set forth herein.

47.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception as to the source or origin of the financial services offered by Smallwood Prestige Capital to commercial third parties and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the financial services of Smallwood Prestige Capital originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

48.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49.     Defendants' conduct as alleged herein is wilful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Smallwood Prestige Capital with Plaintiff.

50.     Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the financial services offered by Smallwood Prestige Capital.

51.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

10

52.     Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Injury To Business Reputation And Dilution
### Of Trademark-New York Statutory Law)

53.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "52," inclusive as if fully set forth herein.

54.     As a direct result of Plaintiffs extensive experience, care and skill in providing financials services under the PRESTIGE CAPITAL Service Mark, which financial services under this service mark are associated with Plaintiff, which has acquired a reputation for excellence in this regard.

55.     Defendants, by using Plaintiff's PRESTIGE CAPITAL Service Mark in connection with the financial services offered by Smallwood Prestige Capital as alleged herein, is misleading the public into believing that the financial services of Smallwood Prestige Capital are connected with Plaintiff.

56.     Such acts by Defendants are likely to deprive Plaintiff of the benefit of the goodwill attached to the PRESTIGE CAPITAL Service Mark and variants thereof, injure Plaintiff's business reputation, and dilute the distinctive quality of its mark in violation of New York General Business Law§ 360-1.

57.     As a proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while Defendants are profiting at the expense of Plaintiff.

58.     Unless Defendant is temporarily, preliminarily and permanently enjoined

by this Court, Plaintiff will continue to suffer irreparable harm.

59.     Plaintiff has no adequate remedy at law against this unfair competition.

### FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

60.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "59," inclusive as if fully set forth herein.

61.     Defendants' unauthorized use of the prestige capital Service mark in its trade name, and/or domain names in commerce, in connection with offering financial services to commercial third parties unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the services offered and provided by Smallwood Prestige Capital emanate from the same source or origin as the financial services offered and being provided by Plaintiff to commercial third parties, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves of the financial services offered and being provided by Smallwood Prestige Capital, when Plaintiff does not.

62.     Defendants, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, financial services in connection with a trade names and/or domain names that are confusingly similar to the PRESTIGE CAPITAL Service Mark, which is confusion is increased by Defendants referring commercial third parties to the website of Plaintiff when asked about the nature of the business of Smallwood Prestige Capital.

63.     Defendants' use of the Infringing Mark, and Defendants' referring

12

commercial third parties to the website of Plaintiff to describe the business of Smallwood Prestige Capital, are all without Plaintiff's permission or consent. Smallwood Prestige Capital is not connected with Plaintiff or the PRESTIGE CAPITAL Service Mark.

64.     Defendants' unauthorized use of the PRESTIGE CAPITAL Service Mark in the trade name and/or domain names of Smallwood Prestige Capital in commerce, in connection with offering and providing financial services to commercial third parties is likely to cause confusion, mistake and deception among the public as to the origin of the financial services being offered and provided by Smallwood Prestige Capital, and is likely to deceive the public into believing that the financial services being offered and provided by Smallwood Prestige Capital originate from, are associated with, or otherwise are authorized by Plaintiff.

65.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

66.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests a judgment in its favor and against Defendants as follows:

1.     Granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from:

13

a.     using, whether directly or indirectly, Plaintiff's PRESTIGE CAPITAL Service Mark with respect to marketing, advertising, promoting, offering or providing financial services to third parties;

b.     providing financial services to third parties that either utilize or refer, whether directly or indirectly, to Plaintiff's PRESTIGE CAPITAL Service Mark;

c.     engaging, whether directly or indirectly, in any activity that infringes Plaintiff's rights in its PRESTIGE CAPITAL Service Mark;

d.     engaging, whether directly or indirectly, in any activity constituting unfair competition with Plaintiff;

e.     engaging, whether directly or indirectly, in any activity that lead third parties of the commercial finance industry to believe that the financial services offered or provided by Smallwood Prestige Capital are in any manner approved, endorsed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff, including but not limited to referring third parties to the website of Plaintiff when inquiries are made about the business of Smallwood Prestige Capital;

f.     aiding, assisting or abetting any other individual or entity in doing any act that is prohibited by sub-paragraphs (a) through (f);

14

2.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services marketed, advertised, promoted,  offered or provided by Smallwood Prestige Capital are in any way approved, endorsed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with the financial services provided by Plaintiff to third parties;

3.    Directing Defendants to immediately cease marketing, advertising, promoting, offering and providing financial services to third parties that utilize or refer to Plaintiff's PRESTIGE CAPITAL; Service Mark;

4.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as this Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

5.    Awarding Plaintiff money damages in an amount to be proven, and an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

6.    Directing that Defendants account to and pay over to Plaintiff all profits

realized by its wrongful acts in accordance with Section 35(a) of the
Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate
Plaintiff for the damages caused thereby.

7.   Awarding Plaintiff punitive and exemplary damages as this Court finds
appropriate to deter any future wilful infringement;

8.   Declaring that this is an exceptional case pursuant to Section 35(a) of the
Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees
thereunder (15 U.S.C. § 1117(a)).

9.   Awarding Plaintiff interest, including pre-judgment and post-judgment
interest, on the foregoing sums;

10.   Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a jury trial on all issues so triable.

Dated:   White Plains, NY
          August 4, 2016

                                       SOLOMON & TANENBAUM, P.C.
                                       Attorneys for Plaintiff

By:                                   

                                       William V. Coleman (WVC-8320)
                                       Attorneys for Plaintiff
                                       707 Westchester Avenue, Suite 205
                                       White Plains, New York  10604
                                       (914) 289-0800